Fabricant, Judith, J.
INTRODUCTION
The defendant is charged with breaking and entering and larceny from a building committed in the Town of Millis. Before the Court is his motion to suppress statements he made to police during an interview at the Norfolk County jail, along with observations the officers made of his physical appearance at the time of the interview. For the reasons that will be explained, the motion will be allowed in part and denied in part.
FINDINGS OF FACT
Based on the credible evidence presented, the Court finds the following facts. The defendant was arraigned on the present charges in the Wrentham District Court on March 10, 2006. Counsel was appointed for him at arraignment. Bail was set, which the defendant did not post. Millis Police Detective Dominic Tiberi was present in the courtroom during arraignment and observed the process. He noticed at that time that the defendant’s appearance was substantially different from the eight-year-old photograph police had used of him in an array shown to the victim of the crime, which the victim had not identified.
The next day, March 11, 2006, Detective Tiberi and Officer Christopher Soffayer went to the Norfolk County jail and told officers there that they wanted to interview the defendant. The officers had not communicated with the defendant’s attorney. Jail personnel placed the defendant in an interview room. The two Millis officers then entered the room, where the defendant was seated, wearing a jail jumpsuit, without handcuffs or shackles. The two officers were in plainclothes.
Detective Tiberi told the defendant that the officers wanted to talk about prior incidents. Tiberi then recited the Miranda warnings in full. As Tiberi was finishing the Miranda warnings, the defendant interrupted and said that he had nothing to say. Tiberi responded that that was part of his rights. The defendant then said that he would talk only if a deal was in place, and that he would take two years, with one year to serve. Tiberi said that would be up to the District Attorney. The defendant said that it wouldn’t do him any good to talk, and that the victim could not identify him. Tiberi responded that looking at the defendant now, he (Tiberi) would not be able to pick him out of the photo array because he looked very different from the photo in the array.
The entire interview lasted less than fifteen minutes. Neither the defendant nor the officers made any reference to his attorney. The defendant’s statements were not in response to any questions, but were in response to the officers’ effort to interview him about the events giving rise to the charges in the hope of eliciting incriminating statements.
CONCLUSIONS OF LAW AND DISCUSSION
The right to counsel under the Sixth Amendment to the United States Constitution and under Article 12 of the Declaration of Rights of the Massachusetts Constitution attaches once formal adversary proceedings have begun against a defendant. See Kirby v. Illinois, 406 U.S. 682, 689 (1972); Massiah v. United States, 377 U.S. 201, 206 (1964); Commonwealth v. Jones, 403 Mass. 279, 286 (1988). This right prohibits any “knowing exploitation by the State of an opportunity to confront the accused without counsel being present,” the “intentional creation of such an opportunity,” and “deliberately elicit(ing)” statements from a defendant without counsel present. Maine v. Moulton, 474 U.S. 159, 176 (1985); see Commonwealth v. Hilton, 443 Mass. 597, 614 (2005). This is a broad prohibition against government action to “intentionally creat[e] a situation likely to induce [the defendant] to make incriminating statements without the assistance of counsel.” United States v. Henry, 447 U.S. 264, 274 (1980); see Hilton, 443 Mass. at 614. “If police initiate interrogation after a defendant’s assertion, at an ar *286 raignment or similar proceeding, of his right to counsel, any waiver of the defendant’s right to counsel for that police-initiated interrogation is invalid.” Michigan v. Jackson, 475 U.S. 625, 635 (1986).
Here, the defendant’s right to counsel attached at his arraignment, when he requested and received appointed counsel. From that time on, police were obligated to refrain from any effort to question him or otherwise to elicit any incriminating information from him in the absence of his counsel. See Moulton, 474 U.S. at 176; Massiah, 377 U.S. at 206; Hilton, 443 Mass. at 614. By attempting to interview him at the jail in the absence of his counsel, the Millis officers violated the defendant’s sixth amendment rights. It follows that any statements made by the defendant in the context of the attempted interview are the fruits of that violation, and must be suppressed.
The Commonwealth points out that the police gave the defendant full Miranda warnings, that he understood them, and that he spoke voluntarily and spontaneously, not in response to any questions. The argument is factually accurate, but legally mistaken. The violation committed here is of the Sixth Amendment right to counsel, not of the Miranda rule or the Fifth Amendment. The defendant’s statements, although voluntary and not the result of interrogation, were the result of police efforts to confront the defendant about the crime in the absence of his counsel, and thereby to elicit incriminating information. Those efforts violated the defendant’s Sixth Amendment rights, and the resulting statements must be suppressed. See Jackson, 475 U.S. at 635; Hilton, 433 Mass. at 614.
The defendant argues that the officers’ observations of the defendant’s physical appearance at the jail should also be suppressed as the fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 488 (1963). On this point, the Court is not persuaded. First, nothing turns on observations made at the jail, since Detective Tiberi had already observed the defendant’s appearance at the arraignment the day before. Second and more important, no rule of law prevented the police from merely going to the jail and looking at the defendant, whether in an interview room or in any other part of the facility; they were entirely free to do so, provided they did not attempt to speak with him about the crimes charged without his counsel. Their observations of his physical appearance occurred as soon as they entered the room where he was seated, and did not result from any verbal interaction.
CONCLUSION AND ORDER
For the reasons stated, the defendant’s Motion to Suppress Statements is ALLOWED to the extent that all statements made by the defendant in the course of the police interview conducted on March 11,2006, are suppressed. So much of the defendant’s motion as seeks to suppress the officers’ observations of the defendant’s appearance is DENIED.